UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CALIFORNIA FRUIT PROCESSORS, LLC,

              Plaintiff,

    - against -

DELL'S MARASCHINO CHERRIES CO., INC.,
ARTHUR R. MONDELLA, ANTOINETTE G.
MONDELLA and JOANNE T. MONDELLA a/k/a
JOANNE CAPECE,

              Defendants.
---------------------------------------------------------------X

Case No.

**CV-15 - 0995**

**COMPLAINT**

MATSUMOTO, J.

GOLD, M.J.



Plaintiff California Fruit Processors, LLC ("CFP" or "Plaintiff"), by and through undersigned counsel, as and for its Complaint against Defendants, Dell's Maraschino Cherries Co., Inc. ("Dell's"), Arthur R. Mondella ("Arthur Mondella"), Antoinette G. Mondella ("Antoinette Mondella") and Joanne T. Mondella a/k/a Joanne Capece ("Joanne Capece") (collectively, "Defendants"), allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

2. Venue in this District is based on 28 U.S.C. § 1391 in that some or all of the defendants reside in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

### PARTIES

3. Plaintiff CFP is a California limited liability company with a principal place of business in Stockton, California, engaged in the business of buying and selling wholesale quantities

of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4. Defendant Dell's is a New York company with its principal place of business in Brooklyn, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

5. Defendant Arthur Mondella was an officer, director and/or shareholder of Dell's during the period of time in question who controlled the operations of Dell's, and was in a position of control over the PACA trust assets belonging to Plaintiff.

6. Defendant Antoinette Mondella is and was an officer, director and/or shareholder of Dell's during the period of time in question who controlled the operations of Dell's, and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

7. Defendant Joanne Capece is and was an officer, director and/or shareholder of Dell's during the period of time in question who was responsible for handling Dell's accounts payable, and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

8. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

9. Between February 3, 2015 and February 6, 2015, Plaintiff sold and delivered to Defendants in interstate commerce wholesale quantities of produce worth $106,120.00.

10. Defendants have failed to pay for the goods when payment was due, despite repeated demands, and presently owe Plaintiff the principal amount of $106,120.00.

11. At the time of receipt of the produce, Plaintiff became a beneficiary to a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

12. Plaintiff preserved its interests in the PACA trust in the amount of $106,120.00 and remains a beneficiary until full payment is made for the produce.

13. Defendants' failure and inability to pay Plaintiff indicate that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Pay Trust Funds)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. The failure of Defendants to make payment to Plaintiff of trust funds in the amount of $106,120.00 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

16. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DELL'S
(Failure to Pay For Goods Sold)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. Defendants failed and are unable to pay Plaintiff the amount of $106,120.00 owed to Plaintiff for goods received by Defendants from Plaintiff.

19. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $106,120.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT ARTHUR MONDELLA
(Unlawful Dissipation of Trust Assets by a Corporate Official)

20. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. Defendant Arthur Mondella was an officer, director and/or shareholder who operated Dell's during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Plaintiff.

22. Defendant Arthur Mondella failed to direct Dell's to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

23. Defendant Arthur Mondella's failure to direct the corporate defendant to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

24. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

//

//

//

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT ANTOINETTE MONDELLA
(Unlawful Dissipation of Trust Assets by a Corporate Official)

25. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. Defendant Antoinette Mondella is and was an officer, director and/or shareholder who operated Dell's during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

27. Defendant Antoinette Mondella failed to direct Dell's to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

28. Defendant Antoinette Mondella's failure to direct the corporate defendant to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

29. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT JOANNE CAPECE
(Unlawful Dissipation of Trust Assets by a Corporate Official)

30. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 29 above as if fully set forth herein.

31. Defendant Joanne Capece is an officer, director and/or shareholder who operated Dell's during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

32. Defendant Joanne Capece failed to direct Dell's to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

33. Defendant Antoinette Mondella's failure to direct the corporate defendant to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

34. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Make Prompt Payment of Trust Funds)

35. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 34 above as if fully set forth herein.

36. Defendants received each of the shipments on which this action is based.

37. Defendants are required to promptly tender to Plaintiff full payment for the produce received in those shipments pursuant to PACA.

38. Defendants failed and refused to pay for the produce supplied by Plaintiff within the payment terms specified by 7 C.F.R. § 46.2(aa).

39. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff have incurred damages in the amount of $106,120.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

40. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 39 above as if fully set forth herein.

41. PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

42. As a result of Defendants' continued failure to make full payment promptly in the amount of $106,120.00, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff request the following relief:

A. On the first cause of action, judgment against all Defendants, jointly and severally, in the amount of $106,120.00 under the trust provisions of PACA;

B. On the second cause of action, judgment against Dell's in the amount of $106,120.00;

C. On the third cause of action, judgment against Arthur Mondella in the amount of $106,120.00 under the trust provisions of PACA;

D. On the fourth cause of action, judgment against Antoinette Mondella in the amount of $106,120.00 under the provisions of PACA;

E. On the fifth cause of action, judgment against Joanne Capece in the amount of $106,120.00 under the trust provisions of PACA;

F. On the sixth cause of action, judgment against all Defendants, jointly and severally, in the aggregate amount of $106,120.00 under the trust provisions of PACA;

G. On the seventh cause of action, judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

//

//

H.  Such other and further relief as the Court deems just and proper.

Dated: February 26, 2015

        Respectfully submitted,
        McCARRON & DIESS
        Attorneys for Plaintiff

By: _____
        Gregory Brown
        707 Walt Whitman Road, Second Floor
        Melville, New York 11747
        Phone:    (631) 425-8110
        Fax:    (631) 425-8112
        gbrown@mccarronlaw.com